# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEVIN RICHARDSON,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 4:20-110 |
| v. | : | (MANNION, D.J.) |
| | : | (ARBUCKLE, M.J.) |
| **DR. L. MURRY,** *et al.*, | : | |
| Defendants | : | |

## **MEMORANDUM**

Presently before the court is the Report and Recommendation ("Report") of Magistrate Judge Arbuckle, (Doc. 9), regarding the civil rights complaint of *pro se* plaintiff Devin Richardson, formerly an inmate at FCI Schuylkill, which he commenced pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), and for violations of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§2000cc *et seq.* (Doc. 1). After plaintiff was granted leave to procced *in forma pauperis*, (Doc. 7), the court issued a Screening Order, (Doc. 8), finding that plaintiff failed to state some cognizable claims and permitted plaintiff to file an amended complaint. However, plaintiff failed to timely file an amended complaint, and Judge

Arbuckle then screened his original complaint pursuant to 28 U.S.C. §1915(e).[1] The instant Report was filed on July 21, 2020. (Doc. 9).

The Report finds that the complaint should be dismissed as to three claims with prejudice, for failure to state viable claims, and that it be allowed to proceed as to one claim. Specifically, the Report finds that plaintiff's RLUIPA claim against defendant Dr. Murry should be allowed to proceed. The Report also finds that plaintiff's First Amendment Free Exercise claims against Dr. Murry and defendant Chaplain Adekola should be dismissed for failure to state a claim, and that plaintiff's RLUIPA claim against Adekola be dismissed for failure to state a claim. To date, the defendants have not been served. No objections have been filed to the Report by the plaintiff, and the time within which objections were due has expired. For the following reasons, the Report, (Doc. 9), will be **ADOPTED IN ITS ENTIRETY** and, plaintiff's complaint, (Doc. 1), will be **DISMISSED WITH PREJUDICE** with respect to all of the claims except for his RLUIPA claim against Dr. Murry.

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

## I. STANDARD OF REVIEW

Where no objections are made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.3.

## II. DISCUSSION

Since Judge Arbuckle states the proper standard regarding plaintiff's claims as well as a Rule 12(b)(6) motion to dismiss, the court will not repeat them herein. Suffice to say that the Judge analyzes the standards and applies them to plaintiff's claims and, explains why all of the plaintiff's claims except his stated RLUIPA claim against Dr. Murry should be dismissed with prejudice. *See* Mack v. Warden Loretto FCI, 839 F.3d 286, 305 (3d Cir. 2016) ("[N]either the Supreme Court nor [the Third Circuit] has ever extended

*Bivens* to [First Amendment] Free Exercise claims."). Thus, the court will not rehash this thorough explanation in the Report.

The court has reviewed the reasons presented by Judge Arbuckle for recommending that all of the claims in the plaintiff's complaint be dismissed with prejudice, except for the stated claim, and because the court agrees with the sound reasoning that led the Judge to the conclusions in his Report and finds no clear error on the face of the record, the court will adopt the Report in its entirety.

### III. CONCLUSION

In light of the foregoing, Judge Arbuckle's Report, **(Doc. 9)**, will be **ADOPTED IN ITS ENTIRETY**, and plaintiff's complaint, **(Doc. 1)**, will be **DISMISSED WITH PREJUDICE** regarding all of his claims except for his RLUIPA claim against Dr. Murry. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 29, 2021**
20-110-01