UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEVIN RICHARDSON,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 4:20-110 |
| v. | : | (MANNION, D.J.) (ARBUCKLE, M.J.) |
| **DR. L. MURRAY,** | : | |
| Defendant | : | |

## MEMORANDUM

### I. BACKGROUND

Presently before the court is the Report and Recommendation ("Report") of Magistrate Judge Arbuckle, (Doc. 31), regarding the complaint of *pro se* plaintiff Devin Richardson, formerly an inmate at FCI Schuylkill, which he commenced pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), and for violations of the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§2000bb, *et seq.* (Doc. 1). The plaintiff, whose religion is Islam, believes that he is forbidden from shaking hands with unrelated women. In his complaint, the plaintiff essentially alleged that an RFRA violation occurred when he was made to "shake hands with female staff" at a Residential Drug Abuse Program ("RDAP") transition ceremony at FCI Schuylkill which was not allowed by his Islamic faith and, that shaking hands with female staff was

a condition to graduating from RDAP. Plaintiff also alleged that inmates who refused to shake hands with female staff members during the RDAP ceremony, regardless of their religious beliefs, were cited for disciplinary violations.

Plaintiff filed an administrative grievance to avoid shaking hands with female staff at the RDAP ceremony and Dr. Murray denied it. Subsequently, on January 17, 2017, plaintiff graduated from RDAP and shook hands with female prison staff at the ceremony contrary to his Islamic beliefs.

After plaintiff was granted leave to procced *in forma pauperis*, (Doc. 7), the court issued a Screening Order, (Doc. 8), finding that plaintiff failed to state some cognizable claims and permitted plaintiff to file an amended complaint. However, plaintiff failed to timely file an amended complaint, and Judge Arbuckle then issued a Report screening plaintiff's original complaint pursuant to 28 U.S.C. §1915(e). (Doc. 9).

The Report found that the complaint should be dismissed as to three claims with prejudice, for failure to state viable claims, and that it be allowed to proceed as to one claim. Specifically, the Report found that plaintiff's "RLUIPA" claim against defendant Dr. Murray should be allowed to proceed.[1]

---

[1] The initial Report incorrectly construed the plaintiff's claim as being under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§2000cc, *et seq.* Judge Arbuckle then recognized

The Report also found that plaintiff's First Amendment Free Exercise claims against Dr. Murray and defendant Chaplain Adekola should be dismissed for failure to state a claim, and that plaintiff's "RLUIPA" claim against Adekola be dismissed for failure to state a claim.

On April 29, 2021, the court adopted the Report screening plaintiff's original complaint and dismissed with prejudice all of the plaintiff's claims except for his "RLUIPA" claim against Dr. Murray. (Docs. 10 &11).

On December 14, 2021, the United States of America, as a party in interest, filed a motion to dismiss plaintiff's complaint, (Doc. 17), because RLUIPA does not apply to federal officials. In response, plaintiff clarified his complaint stating that he asserted a claim under RFRA, not under RLUIPA.

Judge Arbuckle then determined that RFRA was the applicable statute in this case since plaintiff's claim is against a federal official and directed the government to file a supplemental brief to its motion to dismiss. (Doc. 23).

---

that RLUIPA does not apply to a federal government action and properly construed the plaintiff's claim as falling under the RFRA. *See* Sharp v. Johnson, 669 F.3d 144, 153 (3d Cir. 2012) (holding that RLUIPA applies to actions against state and local governments and not the federal government).

  The court also notes that it uses the correct spelling of Dr. Murray's name as opposed to using the incorrect spelling plaintiff provides, "Dr. Murry".

Dr. Murray then filed a motion for summary judgment, (Doc. 24), with respect to plaintiff's RFRA claim against her. No supplemental brief was filed by the government regarding the motion to dismiss.

On August 2, 2022, Judge Arbuckle issued his instant Report, (Doc. 31), and recommended that the United States' motion to dismiss, (Doc. 17), be denied as moot, and that Dr. Murray's motion for summary judgment be denied with respect to plaintiff's RFRA claim.

After being granted an extension of time, Dr. Murray filed a partial objection to the Report, namely, to the recommendation that her motion for summary judgment should be denied based on the finding that plaintiff demonstrated his beliefs were substantially burdened and "the Government has not shown it had a compelling interest in this matter or that it took the least restrictive method in attending to its stated interest." (Doc. 34). Dr. Murray did not object to the Report's finding regarding plaintiff's failure to exhaust administrative remedies argument. Nor did Dr. Murray object to Judge Arbuckle's finding that the motion to dismiss should be denied as moot.

To date, the plaintiff has not filed any objections to the Report and, the time within which objections were due has expired. For the following reasons, the Report, (Doc. 31), will be **ADOPTED IN ITS ENTIRETY** and, Dr. Murray's motion for summary judgment, (Doc. 24), will be **DENIED** with

respect to the plaintiff's remaining RFRA claim, without prejudice to assert the qualified immunity defense. Dr. Murray's objection to the Report, (Doc. 34), will be **OVERRULED**.

## II. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or

- 5 -

not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.3.

### III.     DISCUSSION[2]

Initially, the court concurs with the Report's unopposed finding that since the plaintiff commenced his action after he was released from prison, he did not have to exhaust his BOP administrative remedies prior to filing suit. *See* George v. Chronister, 319 Fed.Appx. 134, 137 (3d Cir. 2009).

Next, with respect to the merits of the plaintiff's RFRA claim against Dr. Murray, since the Report analyzes the standards and applies them to the undisputed facts, the court will not rehash this thorough explanation in the Report. Suffice to say that RFRA "prohibits the government from 'substantially burden[ing] a person's exercise of religion.'" Mack v. Warden Loretto FCI, 839 F.3d 286, 301 (3d Cir. 2016). Also, under RFRA, a plaintiff can challenge a "[federal] official's individual conduct, as opposed to a law, regulation, or policy, or conduct pursuant to such", and "RFRA allows a

---

[2] Since Judge Arbuckle states the proper standard regarding a Rule 56 motion for summary judgment, the court will not repeat it herein.
Also, since the Report states the complete factual background of this case and the correct legal standards, as well as the correct case law, regarding the analysis of the plaintiff's RFRA claim against Dr. Murray, they will not be repeated herein.

litigant to sue a government official for money damages." *Id*. *See also* Tanzin v. Tanvir, ––– U.S. –––, 141 S. Ct. 486, 489–93 (2020) (holding that the RFRA authorizes a cause of action and the recovery of money damages against a government official for violations of the Act). Thus, if Dr. Murray's individual conduct substantially burdens the plaintiff's religious exercise, he can bring a claim against her under RFRA. Thus, "RFRA prohibits the Government from substantially burden[ing] a person's exercise of religion even if the burden results from a rule of general applicability, unless the Government can demonstrate[ ] that application of the burden to the person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." *Id*. (internal quotations and citations omitted).

No doubt that "[t]o establish a prima facie case under RFRA, [plaintiff] must allege that the government (1) substantially burdened (2) a sincere (3) religious exercise." *Id*. at 304. The Report explains that Dr. Murray does not dispute the sincerity of the plaintiff's exercise of his Islamic religious beliefs, and that the only issue is whether the plaintiff has sufficiently established a substantial burden on his religious exercise in being required to shake the hands of female staff at the RDAP graduation. "[A] substantial burden exists where (1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other

inmates versus abandoning one of the precepts of his religion in order to receive a benefit; or (2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs." *Id*. (internal quotations and citations omitted).

The Report then explains in detail why the plaintiff's stated RFRA claim against Dr. Murray should proceed, and why the plaintiff has shown a substantial burden imposed by the defendant when he was required to shake hands with the female RDAP staff in order to receive the benefits conferred by graduating from the program. (Doc. 31 at 15-16).

Next, the Repot finds that Dr. Murray has not met her burden and shown that the BOP had a compelling interest to require inmates to shake hands with female staff during the RDAP ceremony and that it used the least restrictive means to carry out that interest. (Doc. 31 at 17).

The court has reviewed the reasons presented by Judge Arbuckle for recommending that the plaintiff's RFRA claim against Dr. Murray proceed and the defendant's motion for summary judgment be denied, and because the court agrees with the sound reasoning that led the Judge to the conclusions in his Report and finds no clear error on the face of the record, the court will adopt the Report in its entirety.

Finally, in her brief in support of her objection to the Report, Dr. Murray asserts for the first time the affirmative defense of qualified immunity. (Doc.

- 8 -

35 at 4-7). "While qualified immunity is more commonly addressed as an affirmative defense to constitutional claims, it is also properly raised as a defense to federal statutory claims under the RFRA." Hasbajrami v. Hill, 2022 WL 486617, *9 (W.D. Pa. Feb. 17, 2022) (string citations omitted). *See also* Tanzin v. Tanvir, ––– U.S. –––, 141 S. Ct. 486, 492 n.* (2020) (recognizing that "government officials are entitled to assert a qualified immunity defense when sued in their individual capacities for money damages under RFRA"). However, since Judge Arbuckle was not given the opportunity to discuss Dr. Murray's qualified immunity defense, the court will remand this case to him for further briefing from the parties and a new Report and Recommendation regarding this issue.

### IV.   CONCLUSION

In light of the foregoing, Judge Arbuckle's Report, **(Doc. 31)**, will be **ADOPTED IN ITS ENTIRETY**, and plaintiff's complaint, **(Doc. 1)**, will **PROCEED** regarding his RFRA claim against Dr. Murray subject to Judge Arbuckle's new Report regarding Dr. Murray's qualfied immunity defense. The government's motion to dismiss, (Doc. 17), will be **DISMISSED AS MOOT**, and Dr. Murray's motion for summary judgment, (Doc. 24), will be **DENIED**, without prejudice to assert the qualified immunity defense. Dr. Murray's objection to the Report, (Doc. 34), will be **OVERRULED**. This case

will be **REMANDED** to Judge Arbuckle for consideration of Dr. Murray's qualified immunity defense and for issuance of a new Report and Recommendation. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 29, 2022**
20-110-02

- 10 -