UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DEVIN RICHARDSON,              :

    Plaintiff              :   CIVIL ACTION NO. 4:20-110

v.                                      :        (MANNION, D.J.)
                                                       (ARBUCKLE, M.J.)
DR. L. MURRAY,                   :

    Defendant             :

**MEMORANDUM**

Presently before the Court is Plaintiff, Devin Richardson's, letter brief (Doc. 48) requesting the Court to reconsider its judgment of August 30, 2023, (Doc. 46), adopting the Report and Recommendation (the "Report") of Magistrate Judge Arbuckle, (Doc. 45), that recommended a dismissal of Plaintiff's case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. *See* Fed. R. Civ. P. 41(b). In the introductory paragraph of his letter brief, Plaintiff states that he seeks relief from the previous judgment (Doc. 46) pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 60(b)(6). However, in the ensuing paragraphs, rather than providing arguments relevant to Rule 60(b)(6), Plaintiff makes arguments concomitant with a motion for reconsideration under Rule 59(e) contending that the Report's arguments dismissing his case were deficient and that he is entitled to relief because the "District Court

erroneously dismissed his case." (Doc. 48 at 6). If a motion is filed under Rule 60(b)(6), it "must be made within a reasonable time," Fed. R. Civ. P. 60(c)(1), if it is a motion under Rule 59(e), it "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). This motion, made more than 16 months after the judgment was issued, does not comply with either of these deadlines. For that, and the following reasons, the Court will **DENY** Plaintiff's motion.

I. **BACKGROUND**

Since the report delineates the factual background of this case, it will not be fully repeated herein. (See Doc. 45 at 1–7). In sum, Plaintiff brought this civil rights action *pro se* in 2020. Defendant filed a motion for summary judgment (Doc. 38); Plaintiff failed to respond to that motion despite three separate orders from Judge Arbuckle requiring him to do so (Docs. 41, 42, 44). Judge Arbuckle conducted an extensive analysis to determine whether the case should be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute or comply with court orders. The Report marches through the well-known factors under *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984), which guide courts in the Third Circuit when analyzing a failure to prosecute. Judge Arbuckle found four of the six *Poulis* factors weigh in favor of dismissal. Notably, Judge Arbuckle found that Plaintiff appears to have willfully failed to prosecute his claim and

follow court orders. Plaintiff did not file any objections to the Report and, the time within which objections were due had expired. Accordingly, for those reasons, the Court adopted the Report in its entirety and dismissed the case.

On January 15, 2025, Plaintiff filed this letter brief requesting the Court to reconsider the dismissal of his lawsuit. (Doc. 48). Plaintiff claims that due to certain unfortunate circumstances, he was unable to access the "needed relevant documentation" to file a response to Defendant's motion for summary judgment (Doc. 38). (*See* Doc. 48 at 3). In particular, Plaintiff alleges that he "was currently unlawfully locked out of his apartment by the landlord and has been since December 1st, 2022." (*Id.*).[1] Plaintiff alleges that his landlord (the New York Housing Authority ("N.Y.C.H.A.")) installed a slide bolt lock on the door of his apartment prior to August 23, 2022, when Plaintiff was arrested and charged with disorderly conduct for "protest[ing]" the lock. (*Id.* at 4). Presumably, during such time, Plaintiff still possessed access to the apartment because a few months later, on September 19, 2022, Plaintiff was arrested again and charged with criminal trespass. Plaintiff was informed that, "as per N.Y.C.H.A.'s Management he was trespassing in the apartment and demanded that Plaintiff leave or be arrested." (*Id.*). On

---

[1] The Court interprets Plaintiff's phrasing of "was currently unlawfully locked out of his apartment" to mean that he was, and remains, without access to that particular apartment.

- 3 -

October 4, 2022, Plaintiff was again arrested and charged with criminal trespass for the same reason. (*Id.* at 5). In contradiction, Plaintiff alleges that after the October arrest, he "ceased going to the apartment and became homeless … [but] still had the key for the premise's mailbox and was able to periodically check the mailbox." However, as correctly noted by Defendant, this allegation cannot be reconciled with Plaintiff's other allegations—both in the present letter brief and Plaintiff's previously filed motion for an extension of time on December 30, 2022—wherein Plaintiff states that he was locked out of the apartment "*since* December 1st, 2022." (Doc. 43 at 2 and Doc. 48 at 3) (emphasis added). Accordingly, for the purposes of deciding this motion, the Court will accept Plaintiff's twice asserted allegation that he lost access to his apartment since December 1, 2022, but continued to have access to the apartment mailbox. This access, Plaintiff alleges, is the reason he was able to "procure[] the Court's briefing orders of October 31st and November 28th, 2022" and, consequently, file his motion for an extension of time to respond to the motion for summary judgment on December 30, 2022. (Doc. 48 at 5).

After the above motion is filed, Plaintiff ceases filing any more documents with the Court for nine months. On September 26, 2023, by letter, Plaintiff notifies the Court of a change of address and states that all of his property was thrown away during his eviction. (Doc. 48 at 6; Doc. 47 at 1).

- 4 -

Then, fifteen months after his change of address letter and more than two years after his above filed motion for a time extension, Plaintiff files this letter brief on January 15, 2025. Plaintiff explains that "[o]n or about December 3rd, 2024 [he] became aware of the July 20th, 2023, report and recommendation of Judge Arbuckle recommending dismissal of [his] complaint and the August 30th, 2023, order adopting that R and R in its entirety and dismissing his complaint via the law library kiosk." (Doc. 48 at 6). In his letter brief, Plaintiff contends that he was not given a full opportunity to substantiate his eviction claims and that the Court erred in dismissing his case pursuant to Rule 41(b) of the Federal Rule of Civil Procedures "in that, Judge Arbuckle did not have a full understanding of the surrounding facts and circumstances of Plaintiff's situation prior to undertaking his analysis pursuant to the *Poulis[ v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)] factors." (*Id.* at 11). On January 27, 2025, Defendant filed a brief in opposition to the letter brief. Plaintiff filed a reply brief on March 3, 2025. The matter is now ripe for disposition.

## II. DISCUSSION

Generally speaking, a party may file a motion for reconsideration under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). "Although motions for reconsideration under [these Rules] serve similar functions, each has a

particular purpose." *Id.*; *United States v. Jackson*, 802 F. App'x 50, 54 n.3 (3d Cir. 2020) (unpublished) (observing this principle set forth in *Fiorelli*). As explained by the Third Circuit, "the function of the motion, and not the caption, dictates which Rule is applicable." *See Fiorelli*, 337 F.3d at 287-88 (citations omitted).[2]

"[A] timely Rule 59(e) motion suspends the finality of the judgment by tolling the time for appeal." *See Blystone v. Horn*, 664 F.3d 397, 414 (3d Cir. 2011) (citation and emphasis omitted). In doing so, Rule 59(e) recognizes "the inherent power that [a district court] has to rectify its own mistakes prior to the entry of judgment for a brief period of time immediately after judgment is entered." *See id.* (citation omitted). A Rule 59(e) motion, which is extremely limited, must rely on at least one of the following three (3) grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *See Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing

---

[2] Notably, although the term "reconsideration" does not appear in Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure, courts have routinely treated motions filed under these Rules as motions seeking "reconsideration." *See, e.g., Wiest v. Lynch*, 710 F.3d 121, 127 (3d Cir. 2013) (citing *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008) for the following proposition: "[a] 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed as either a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment").

*N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018); *Wiest*, 710 F.3d at 128.

Similar to a Rule 59(e) motion, a Rule 60(b) motion is extremely limited and must rely on at least one of the following six (6) grounds for reconsideration: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) the satisfaction, release or discharge of a judgment or inequity in the prospective application of the judgment; or (6) any other reason justifying relief from operation of the judgment. *See* Fed. R. Civ. P. 60(b); *Fiorelli*, 337 F.3d at 288.

To the extent a moving party seeks to relitigate the court's prior conclusions, Rule 60(b) is not an appropriate vehicle. "[C]ourts must be guided by 'the well-established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.' It follows therefore that it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal." *Martinez–McBean v. Gov't of Virgin Islands*, 562 F.2d 908, 911 (3d Cir.1977) (citations omitted).

Applying the standard used when a party seeks reconsideration under either Rule 59(e) or 60(b), the Court not only finds that the instant motion is

untimely[3] but also concludes that Plaintiff has not demonstrated any of the applicable grounds for reconsideration.

First, for the purposes of Rule 59(e), the Court finds no intervening change in controlling law and no error of law or fact. Plaintiff's argument for reconsideration that his eviction hindered his ability to file a response to Defendant's motion for summary judgment merely repeats the same argument he made to the Court before the final judgment was issued. (*See* Doc. 43). Second, Plaintiff's argument, that the analysis undergirding the Court's judgment was made in error because the Court "did not furnish Plaintiff with an opportunity to fully explain his reasons for failing to prosecute the case or comply with its orders prior to dismissing his case *sua sponte*," (Doc. 48 at 6), is simply unpersuasive and belied by the record. Plaintiff was never prevented from filing with the court and he provides now the same reasons for failing to prosecute his case as he did two years ago. (*See* Docs. 43 and 48). Thus, when Judge Arbuckle conducted his Rule 41(b) analysis recommending dismissal, he was made aware of Plaintiff's predicament that he was locked out of his apartment unable to retrieve the "needed relevant documentation to perfect his brief and responsive statement." (Doc. 48 at 6).

---

[3] *See e.g., Moolenaar v. Gov't of the V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987) (Rule 60(b)(6) motion filed almost two years after judgment was not made within a reasonable time)).

- 8 -

A predicament, the Court notes, that appears to have no resolution given that Plaintiff admitted that "all of [his] property was thrown-a-way." (Doc. 47 at 1). Third, the relief sought by Plaintiff to reverse the Court's judgment for error could have reasonably been sought by means of an appeal—making relief under Rule 60(b)(6) improper. *Martinez–McBean*, 562 F.2d at 911 ("it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal."). While Plaintiff may disagree with the findings and outcome of the earlier decision, he has presented this Court with no basis to reconsider that decision and shown no extraordinary circumstances entitling him to Rule 60(b)(6) relief.

### III. CONCLUSION

In light of the foregoing, Plaintiff's motion for reconsideration (Doc. 48), will be denied. An appropriate order will issue.

MALACHY E. MANNION
United States District Judge

DATE: 4/11/25

20-110-03